Joseph A. AGOSTINELLO,
Plaintiff–Appellant,

v.

GREAT NECK UNION FREE
SCHOOL DISTRICT,
Defendant–Appellee.

No. 09–0772–cv.

United States Court of Appeals,
Second Circuit.

Nov. 18, 2009.

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for Appellant.

Adam I. Kleinberg, Sokoloff Stern LLP, Westbury, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff, Joseph Agostinello, appeals from the district court's February 2, 2009 judgment and order dismissing all of his claims, and granting summary judgment to Defendant, Great Neck Union Free School District. The court declined to exercise supplemental jurisdiction over Plaintiff's state law based failure to accommodate claim.

On December 15, 2005, Plaintiff filed a complaint in which he alleged various violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296, 297. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

For substantially the reasons stated by the district court, we affirm. Applying a *de novo* standard of review, we find that the grant of summary judgment to Defendant was appropriate. *See Huminski v. Corsones,* 396 F.3d 53, 69 (2d Cir.2005). As we have previously noted, in discrimination actions, "summary judgment remains available ... in cases lacking genuine issues of material fact." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 40 (2d Cir.1994).

■ The district court properly found that Plaintiff did not demonstrate that he was disabled, or was regarded as disabled, within the meaning of the ADA. *Agostinello v. Great Neck Union Free Sch. Dist.,* No. 05 Civ. 5838(WDW), 2009 WL 238865, at *15 (E.D.N.Y.2009); *see also* 42 U.S.C. §§ 12102(1)(A), 12102(1)(C); *Muller v. Costello,* 187 F.3d 298, 312–13 (2d Cir. 1999); *Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 153 (2d Cir. 1998).

■ The district court properly granted summary judgment on Plaintiff's Title VII claims. Even assuming, *arguendo,* that Plaintiff established a prima facie case of discrimination under the framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), summary judgment in favor of Defendant was appropriate because Defendant provided legitimate, nondiscriminatory reasons for the adverse employment action and Plaintiff provided no evidence that Defendant's proffered reasons were a pretext for discrimination. *See Holcomb v. Iona Coll.,* 521 F.3d 130, 141 (2d Cir.2008).

 Plaintiff's hostile work environment claim must fail because he did not "produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, [or] insult, that [wa]s sufficiently severe or pervasive to alter the conditions of [his] employment." *Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir.2004) (internal quotation marks omitted). Plaintiff's retaliation claim must also fail. Plaintiff has not demonstrated a causal connection between his protected activity and the alleged adverse employment action. *See Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608–09 (2d Cir.2006).

 The district court properly declined to exercise supplemental jurisdiction over Plaintiff's state law failure to accommodate claim. *Agostinello*, 2009 WL 238865, at *16; *see also* 28 U.S.C. § 1367(c); *Seabrook v. Jacobson*, 153 F.3d 70, 71–72 (2d Cir.1998). Therefore, as the court had dismissed all claims over which it had original jurisdiction, the district judge properly declined to issue an opinion as to whether Plaintiff has a cognizable claim under state law. *See Giordano v. City of New York*, 274 F.3d 740, 753–54 (2d Cir.2001).

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.